UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| PEACE OF MIND OPPORTUNITY SERVICES INC. | ) ) ) | |
| Plaintiff | ) ) | No. 1:18-cv-00014-LEW |
| v. | ) ) | |
| CURT LEFEBVRE, et al., | ) ) | |
| Defendants | ) | |

## **ORDER ON MOTION TO DISMISS WITHOUT PREJUDICE**

In this action, brought pursuant to 42 U.S.C. § 1983, Plaintiff alleges Defendants took action to terminate Plaintiff's contract with the State of Maine because Defendants harbored sex-based animus toward Plaintiff because it is a female-owned company. Complaint (ECF No. 1). Approximately one month after filing suit, Plaintiff's attorney died. Not long after Plaintiff secured substitute counsel, counsel proposed that the matter be dismissed without prejudice because Plaintiff intended to file a breach of contract action against the State of Maine in state court. Although Plaintiff noticed the depositions of Defendants in January 2019, Plaintiff filed its complaint in state court[1] on January 22, 2019

---

[1] In the state court action, Plaintiff asserts a solitary claim for breach of contract against the State of Maine. (ECF No. 23-1). Plaintiff alleges as cause for the breach that Mr. Lefebvre, a defendant in the instant suit, harbored sex-based discriminatory attitudes and improperly terminated the contract on that basis and not for the reasons indicated in the termination letter.

and did not conduct the depositions. Plaintiff then filed its Motion to Dismiss Without Prejudice (ECF No. 17) on February 8, 2019.

Rule 41 provides that orders granting voluntary dismissal motions should be granted "on terms that the court considers proper," and that dismissal is without prejudice absent a contrary indication in the court's order. Fed. R. Civ. P. 41(1)(2). Four factors normally guide the review of a voluntary motion to dismiss: "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000) (quoting *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)).

I note that it would be an abuse of discretion for me to grant the motion without prejudice only if Defendants "would suffer 'plain legal prejudice' . . . as opposed to facing the mere prospect of a second lawsuit." *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160-61 (1st Cir. 2000) (quoting *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)). I do not discern plain legal prejudice here, and when I consider the four factors I find Plaintiff's request reasonable. While Defendants have put forward some effort and expense, they have been spared duplicative depositions, there has not been an excessive delay or lack of diligence on the part of Plaintiff, the explanation for the motion is adequate, and Defendants have not been put to the burden of filing and supporting a motion for summary judgment on the § 1983 claim. Additionally, given the death of counsel and the reasonably timely provision of notice concerning the intent to dismiss the instant action in

favor of the state court action, I conclude that the better exercise of discretion is to grant the motion to dismiss without prejudice.

Plaintiff's Motion to Dismiss Without Prejudice (ECF No. 17) is GRANTED.

**SO ORDERED.**

**Dated this 6th day of May, 2019.**

                                          /S/ Lance E. Walker
                                          **LANCE E. WALKER**
                                          **UNITED STATES DISTRICT JUDGE**